IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM L. HENDERSON, #B83639,** ) | |
| ) | |
| **Plaintiff,**           ) | |
| ) | |
| vs.                                      ) | Case No. 14-cv-00986-JPG |
| ) | |
| **ST. CLAIR COUNTY JAIL**    ) | |
| **and RICHARD WATSON,**      ) | |
| ) | |
| **Defendants.**    ) | |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff William Henderson, an inmate who is currently incarcerated at Lawrence Correctional Center, brings this action against the St. Clair County, Illinois Jail ("Jail") and Sheriff ("Sheriff Watson") pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that he was subjected to unconstitutional conditions of confinement at the Jail in 2012 and 2014 (Doc. 1, p. 5). He seeks compensatory and punitive damages (Doc. 1, p. 6).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). For the reasons discussed below, the complaint fails to survive preliminary review under § 1915A and shall be dismissed.

## The Complaint

According to the complaint, Plaintiff was housed at St. Clair County Jail ("Jail") for approximately two months in 2012 (i.e., July 22, 2012 - September 18, 2012) and one month in 2014 (i.e., February 27, 2014 – March 29, 2014) (Doc. 1, p. 5). Each time, Plaintiff and fifty other inmates were forced to live in the Jail's gymnasium. There, they shared a single broken toilet. Plaintiff was "exposed to contaminated water from pollution of urine and etc." (Doc. 1, p. 5). Plaintiff alleges that he could not use the restroom or get a drink of water. He was given no bed and deprived of a shower for "days at a time." Despite complaining to "numerous officers," his situation did not change. Plaintiff was denied grievance forms (Doc. 1, p. 4).

Plaintiff now sues the Jail and Sheriff Watson for subjecting him to these conditions. He seeks compensatory and punitive damages.

## Discussion

The applicable legal standard for Plaintiff's conditions of confinement claim (**Count 1**) depends on his status as a pretrial detainee or an inmate while he was housed at the Jail. The Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees, and the Eighth Amendment applies to claims of inmates. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). In cases involving unconstitutional conditions of confinement, the Court can look to both Eighth Amendment and Fourteenth Amendment case law for guidance. *Id.*

The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). Jail officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted); *Rice*, 675 F.3d at 664).

Even if certain conditions are not individually serious enough to work constitutional violations, the Seventh Circuit has observed that "conditions of confinement may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842

(quoting *Wilson v. Seiter,* 501 U.S. 294, 304 (1991); *see also Gillis*, 468 F.3d at 493; *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)). At the early pleadings stage, the allegations in the complaint suggest that the conditions at the Jail violated constitutional norms. However, the analysis does not end there.

In order to survive preliminary review on a claim of unconstitutional conditions of confinement, the complaint must also suggest that a particular prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298. The relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer*, 511 U.S. 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

Although the Jail and Sheriff Watson are named as Defendants, the complaint does not suggest that either exhibited deliberate indifference toward Plaintiff's health or safety. In fact, neither Defendant is mentioned in the narrative portion of the complaint. They are only listed in the case caption and in the list of defendants. This is insufficient to state a claim against a Defendant. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Section 1983 requires more by creating a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The narrative portion of the complaint should reflect the role that each Defendant played in violating Plaintiff's constitutional rights. It does not.

Further, neither the Jail nor Sheriff Watson can be held liable under the doctrine of *respondeat superior* for the general conditions of the Jail. This doctrine does not apply to

actions filed under § 1983.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *see Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982).  Even so, governmental entities may be subject to liability for the unconstitutional acts of its employees, if those acts are carried out pursuant to an official policy or custom.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  However, "*[r]espondeat superior* or vicarious liability will not attach under § 1983" unless "'the execution of the government's policy or custom . . . inflicts the injury.'" *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (quoting *Springfield v. Kibbe*, 480 U.S. 257, 267 (1987)).  The complaint does not allege or suggest that an official policy or custom traceable to either Defendant was the driving force behind the alleged constitutional violation.  Under the circumstances, no claim has been stated against either Defendant, either in an individual or official capacity.

Based on the foregoing discussion, Plaintiff cannot proceed with **Count 1** against the Jail or Sheriff Watson at this time.  The complaint, which consists only of Count 1, shall be dismissed.  However, the dismissal is without prejudice to Plaintiff filing an amended complaint that cures the defects noted in this Order, according to the instructions set forth in the disposition.

### Pending Motions

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate Order of this Court.

Plaintiff has also filed a motion for recruitment of counsel (Doc. 3), which shall be held in **ABEYANCE** pending the Court's receipt of a First Amended Complaint.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Defendants **ST. CLAIR COUNTY JAIL** and **RICHARD WATSON** are **DISMISSED without prejudice**.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" **on or before November 11, 2014.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each Defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the conditions of confinement claim (**Count 1**) will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous

pleading, and Plaintiff must file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 6, 2014**

*s/J. Phil Gilbert*
**U.S. District Judge**

---

[1] Should Plaintiff's application to proceed *in forma pauperis* be denied, he shall also be assessed an additional administrative fee of $50.00, for a total filing and docketing fee of $400.00.