UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM L. HENDERSON,

    Plaintiff,

  v.

ST. CLAIR COUNTY JAIL, RICHARD
WATSON, S. REID, MEARL JUSTUS, OFFICER
LEVI BRIDGES and LT. NICHOLS,

    Defendants.

Case No. 14-cv-986-JPG-DGW

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 22) of Magistrate Judge Donald G. Wilkerson recommending that the Court deny plaintiff William L. Henderson's motion to substitute defendant Richard Watson in his individual capacity for deceased defendant Mearl Justus in his individual capacity (Doc. 17).   Magistrate Judge Wilkerson found that, although Watson is an appropriate successor to the official capacity claims against Justus because Watson succeeded Justus as sheriff of St. Clair County, he is not an appropriate substitute for individual capacity claims since Watson is not the representative of Justus' personal estate, the appropriate successor to individual capacity claims.   Henderson objects (Doc. 24) on the grounds that he does not know who the personal representative of Justus is.

    The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.   Fed. R. Civ. P. 72(b)(3).   The Court must review *de novo* the portions of the report to which objections are made. *Id.*   "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."   *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir.

1999).

The Court has reviewed the matter *de novo* and finds that the Report is correct for the reasons set forth therein.   It is not the Court's burden to identify the appropriate successor to a defendant; Henderson is responsible for identifying the proper party to be substituted.   Since he has not done so, the Court must deny his motion, but it will dismiss Justus without prejudice so that if Henderson ever does identify the proper party to be substituted, he may seek to amend his complaint to add the proper party or file another lawsuit against that party.   For these reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 22);

- **OVERRULES** Henderson's objection (Doc. 24);

- **DENIES** Henderson's motion to substitute defendant Watson in his individual capacity for deceased defendant Justus in his individual capacity (Doc. 17);

- **DISMISSES** Henderson's claims against Justus in his individual capacity **without prejudice**; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   June 8, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
