IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM L. HENDERSON,                )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )          Case: 3:14-cv-986-JPG-DGW
                                     )
RICHARD WATSON, S. REID, MEARL       )
JUSTUS, OFFICER LEVI BRIDGES, LT.)
NICHOLS,                             )
                                     )
          Defendants.                )

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Senior United States District Judge J. Phil Gilbert pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Sanctions filed by Defendants on June 17, 2016 (Doc. 38).   For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED IN PART** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On December 24, 2015, Plaintiff filed a Notice of Change of Address indicating that he was going to be released on parole and that his new address was 720 Brown Ave., Venice, Illinois 62090 (Doc. 36).   On April 22, 2016, Defendants mailed discovery requests to Plaintiff at the address provided.   On May 23, 2016, Defendants mailed to Plaintiff a deposition notice; however, they incorrectly sent the notice to Plaintiff's former address at the Menard Correctional Center. When the mail was returned to Defendants, they issued an amended notice of deposition, to take place on June 16, 2016, and mailed it to Plaintiff's Venice, Illinois address by regular mail and by

certified mail.   The certified mail, however, was not accepted because no recipient was available

at the address.   There is no indication that Plaintiff objected to the timing of the notice or the date

and time of the deposition.

Plaintiff did not appear for the June 16, 2016 deposition.   Plaintiff also failed to respond to

the written discovery requests served on April 22, 2016.   On July 18, 2016, Plaintiff contacted

Defense counsel and indicated that his new address was 2157 Dawn Place, Granite City, Illinois

62040.[1]   As of the date of this Report and Recommendation, Plaintiff has not informed the Clerk

of Court of any address change nor has he responded to the Motion for Sanctions.   The failure to

respond is deemed an admission of the merits of the Motion as outlined in Local Rule 7.1(g).

### CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that the Court may order sanctions

if a party fails to appear for his deposition after being served proper notice.   Sanctions may include

those listed in Rule 37(b)(2)(A)(ii)-(vi) which include the striking of pleadings or dismissal of an

action.   Sanctions must also include the reasonable expenses of the moving party unless the

"failure was substantially justified or other circumstances make an award of expenses unjust."   *Id.*

at 37(d)(3).   Sanctions imposed pursuant to Rule 37 must be reasonable and just; however, the

Court is not required to impose the least severe sanction available.   *In re Golant*, 239 F.3d 931, 937

(7th Cir. 2001).   Dismissal is considered a "harsh sanction and therefore its use should be limited."

*Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997).   However, even though a litigant is

proceeding *pro se*, the failure to attend multiple hearings coupled with a warning that dismissal was

a possibility, can be sufficient to dismiss an action.   *See McInnis v. Duncan*, 697 F.3d 661, 664 (7th

---

[1]  Defendants sent Plaintiff another copy of the Motion for Sanctions along with a letter dated July 18, 2016 (Doc. 39-1).   Defendants' counsel also informed Plaintiff, in a number of letters, of his obligation to respond to discovery requests, that he must appear for his deposition, and that he must inform the Court of a change in address.

Cir. 2012).

In this matter, Plaintiff has failed to respond to written discovery, has failed to attend his deposition, has failed to keep the Clerk of Court aware of his present address, and has failed to respond to the Motion for Sanctions.   Dismissal is warranted in this action for Plaintiff's apparent failure to prosecute or otherwise comply with the Rules of Civil Procedure and the Local Rules of this Court and this Report and Recommendation functions as a warning that dismissal is a distinct possibility.   However, sanctions in the form of reasonable attorney fees will not be recommended. While Plaintiff has not indicated what substantial justification or other circumstance should caution against the imposition of monetary sanctions, the Court is mindful that Plaintiff has only recently been released from prison and that his living situation, as outlined in Defendants' motion, appears to be uncertain and fluid.   These two factors inform the Court that Plaintiff would not have the resources to pay any amount of monetary sanctions, imposition of which would be futile.

### RECOMMENDATIONS

It is **RECOMMENDED** that the Motion for Sanctions filed by Defendants on June 17, 2016 be **GRANTED IN PART** (Doc. 38), that this matter be **DISMISSED WITH PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 23, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**